# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| UBALDO CRUZ DIAZ, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-18-636 |
| | * |
| MI MARIACHI LATIN RESTATURANT INC., *ET AL.*, | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Ubaldo Cruz Diaz alleges violations of the Fair Labor Standards Act, (FLSA), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Laws, (MWHL), Md. Code Ann., Lab & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, (MWPCL), Md. Code Ann., Lab & Empl. §§ 3-501 *et seq.*, against Defendants Mi Mariachi Latin Restaurant, Inc. and the restaurant's owner Raul Lopez. ECF No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment will be granted in part and denied in part.

## I. BACKGROUND[1]

Plaintiff worked as a cleaner at Defendant Mi Mariachi from approximately September 19, 2016 until September 17, 2017. ECF No. 1 ¶ 9. Throughout Plaintiff's employment at the

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true. In considering a Motion for Default Judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability, but nevertheless "must determine whether [those] allegations . . . support the relief sought in th[e] action." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685 (D. Md. 2013) (citation and internal quotation marks omitted).

1

restaurant, Defendant Lopez owned and operated Mi Mariachi. *Id.* ¶ 20. In this role, Defendant Lopez had the power to hire, first, suspend, and otherwise discipline Plaintiff; he controlled Plaintiff's work duties, schedule, and rate and method of pay; and he oversaw the restaurant's day-to-day operations. *Id.*

Plaintiff worked an average of forty-three hours per week, but Defendants paid Plaintiff only $100 per week. *Id.* ¶¶ 10–11. As a result, Plaintiff's hourly rate of pay was approximately $2.33 throughout his employment. *Id.* 12. Defendants did not pay Plaintiff one-and-one-half times his regular rate for hours worked more than forty during a single workweek. *Id.* ¶ 17.

From the beginning of Plaintiff's employment until June 30, 2017, the Maryland minimum wage was $8.75 per hour. Md. Code Ann., Labor & Employ., § 3-413(c). From July 1, 2017 until the end of Plaintiff's employment, the Maryland minimum wage was $9.25 per hour. *Id.*

On March 2, 2018, Plaintiff filed suit against Defendants to recover damages under the FLSA, the MWHL, and the MWPCL. ECF No. 1. On March 9, 2018, Plaintiff served both Defendants with process. ECF Nos. 3, 4. However, Defendants failed to file an answer or responsive pleading to Plaintiff's Complaint. On April 24, 2018, pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff filed a Motion for an Order of Default against both Defendants. ECF No. 5. The Court entered default as to both Defendants on June 1, 2018. ECF No. 6. Plaintiff then filed a Motion for Default Judgment on August 10, 2018. ECF No. 10.

Although the Complaint alleges that throughout Plaintiff's employment, Defendants paid Plaintiff $100 per week, ECF No. 1 ¶ 11, Plaintiff asserts in his Motion for Default Judgment and supporting declaration that he was not paid at all during the final three months of his employment, ECF No. 10 ¶ 9 & ECF No. 10-2 ¶ 5. Plaintiff also asserts in his Motion for Default

Judgment and supporting declaration that he had to borrow money for basic living expenses because of Defendants' underpayments. ECF No. 10 ¶ 15; ECF No. 10-2 ¶ 6.

## II. DISCUSSION

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Rule 54(c) of the Federal Rules of Civil Procedure limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed" the amount pled in the complaint. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F. 2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F. 2d 61, 65 (2d Cir. 1981)).

The FLSA requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for hours worked beyond forty hours per week. 29 U.S.C. §§ 206, 207. "The MWHL similarly requires that employers pay the applicable minimum wage" and "that they pay an overtime wage of at least 1.5 times the usual hourly wage for each hour worked in excess of forty hours per week." *McFeeley v. Jackson St. Entm't, LLC*, 47 F. Supp. 3d 260, 275–76 (D. Md. 2014) (internal quotation marks and citations omitted). The MWHL is "the State parallel to the FLSA, and the requirements of that provision mirror those of the federal law," meaning Plaintiff's MWHL claim "stands or falls on the success of" his FLSA claim. *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D. Md. 2012) (quoting *Friolo v. Frankel*, 819 A.2d 354, 361 (Md. 2003); *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 744 (D.Md.2003)). Separately, the MWPCL requires an employer to pay all wages due for work that an employee performed. Md. Code Ann., Lab. & Empl. § 3-501 *et seq*.

In addition to unpaid wages, Plaintiff requests liquidated damages under the FLSA. ECF No. 1 at 5. Courts have routinely held that there is a presumption in favor of an award of liquidated damages when it is determined that an employer violated the FLSA and, simultaneously, the MWHL. *Rogers v. Sav. First Mortg., LLC*, 362 F. Supp. 2d 624, 637–38 (D. Md. 2005) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08 (1945)); *see also Lanza v. Sugarland Run Homeowners Assoc., Inc.*, 97 F. Supp. 2d. 737, 739 n.9 (E.D. Va. 2000). Specifically, unless an employer can demonstrate that it acted in good faith and had reasonable grounds for believing it paid its employee all wages legally owed, an employer who fails to pay wages required by the FLSA or the MWHL is liable to the employee for liquidated damages in an amount equal to the unpaid wages. *See id.*; *see also* 29 U.S.C. §§ 216(b) & 260; Md. Code Ann., Labor & Employ., § 3-427(d). The employer bears the "plain and substantial burden of

persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960).

"[A]n employee's statement under oath 'as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed,' and if the employer does not successfully rebut the employee's statement, '[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate.'" *Calderon Recinos v. JMZ Constr., LLC*, No. CV DKC 15-0406, 2016 WL 3162820, at *3 (D. Md. June 7, 2016) (internal citation omitted).

From the beginning of Plaintiff's employment until June 30, 2017, Defendant paid Plaintiff an hourly wage of $2.33, but the Maryland minimum wage was $8.75. ECF No. 1 ¶ 12; Md. Code Ann., Labor & Employ., § 3-413(c); ECF No. 10-2 ¶ 4–5. During this period, Defendant did not pay overtime wages for the three hours Plaintiff worked each week in excess of a forty-hour work week. ECF No. 1 ¶ 10–11; ECF No. 10-2 ¶ 5. From July 1, 2017 until the end of Plaintiff's employment on September 17, 2017, the Maryland minimum wage was $9.25 per hour, Md. Code Ann., Labor & Employ., § 3-413(c), but Defendants still only paid Plaintiff an hourly wage of $2.33 for the forty-three hours he worked each week. *Id.* These facts are substantiated by the Plaintiff's sworn statement, ECF No. 10-2, which Defendants have not rebutted. Because of Defendants' failure to pay Plaintiff required minimum and overtime wages

as alleged in the Complaint, Defendants owe Plaintiff unpaid wages in the amount of $15,022.88, calculated as follows:

|  | No. Weeks (Rounded) | Hrs/Week | OT Hrs/Week | Weekly Pay | Regular Rate ($100/43) | Md. Min Wage | Unpaid MW | Unpaid OT | Total Unpaid Wages |
|---|---|---|---|---|---|---|---|---|---|
| 9/19/16 - 6/30/17 | 40 | 43 | 3 | 100.00 | 2.33 | 8.75 | 11,050.00 | 525 | 11,575.00 |
| 7/1/17 - 9/17/17 | 11 | 43 | 3 | 100.00 | 2.33 | 9.25 | 3,275.25 | 152.63 | 3,427.88 |
|  |  |  |  |  |  |  |  | Total Unpaid Wages | 15,002.88 |

Because "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. Pro. 54(c), these calculations are based on the allegation in the Complaint that Defendants paid Plaintiff $100 per week throughout his employment rather than the assertion in his Motion for Default Judgment that Plaintiff was not paid at all during his final three months of employment.

Given that Defendants have not filed a responsive pleading, they have not met their burden to show that they acted in good faith or had reasonable grounds for believing they paid Plaintiff the wages to which he was entitled. *Wright*, 275 F.2d at 449 (a "delinquent employer" bears "the plain and substantial burden of persuading the court by proof that [its] failure to obey the statute was both in good faith and predicated upon [] reasonable grounds"). Thus, Plaintiff is entitled to at least liquidated damages in an amount equal to Plaintiff's unpaid wages.

Plaintiff also seeks treble damages under the MWPCL. ECF No. 10 ¶ 15. Employees seeking enhanced damages are "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011). The MWPCL states that if "a

court finds that an employer withheld the wage of an employee in violation of" the statute and "not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." Md. Code Ann., Lab. & Empl. § 3-507.2(b). A bona fide dispute is "a legitimate dispute over the validity of the claim or the amount that is owing" such that the employer had a good faith basis for withholding payment. *Admiral Mortg., Inc. v. Cooper*, 357 Md. 533, 543 (2000). Although the statute is silent on which party bears the burden of proof on this issue, the Maryland Court of Appeals has placed the burden on the employer to prove the bona fide dispute. *Peters v. Early Healthcare Giver, Inc.,* 439 Md. 646, 658 (2014). Nonetheless, "an employee is not presumptively entitled to enhanced damages, even if the court finds," as it does here, "that wages were withheld without a bona fide dispute." *Id.* at 662. Rather, trial courts are simply "encouraged to consider the remedial purpose of the [M]WPCL when deciding whether to award enhanced damages to employees.'" *Id* at 663. It is customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when a defendant fails to offer any evidence of a bona fide dispute, making liquidated damages appropriate, but a plaintiff fails to offer any evidence that he suffered consequential damages from the underpayments. *Villatoro v. CTS & Associates, Inc.*, No. CV DKC 14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016) (citing *Clancy v. Skyline Grill, LLC*, No. CIV. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012).

Here, Defendants have not responded and have thus failed to offer evidence of a bona fide dispute. Plaintiff, on the other hand, has offered evidence that he suffered consequential damages because of Defendants' underpayments. Specifically, Plaintiff asserts in his supporting declaration that he was forced to take on debt to afford basic expenses because Defendants did

not pay him minimum wage or overtime wages. ECF No. 10-2 ¶ 6. Because Defendants fail to offer evidence of a bona fide dispute, and Plaintiff has demonstrated through a sworn statement that he suffered consequential damages, the Court will award treble damages.

Plaintiff also requests an award of reasonable attorney's fees and costs. ECF No. 10 ¶ 16, 80. Such relief is proper under both the FLSA, 29 U.S.C. § 216(b) and the MWHL, Md. Code Ann., Lab. & Empl. § 3-427(d). The amount of reasonable attorney's fees is "within the sound discretion of the trial court," *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984), and is determined by multiplying "the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

In support of their claim for attorneys' fees and costs, Plaintiff submits the declaration of his attorney, J. Barret Kelly, ECF No. 10-5, an invoice specifying the hourly billing by Kelly and his colleagues with respect to the lawsuit, ECF Nos. 10-3, and a copy of the Retainer Agreement Kelly's firm uses for hourly clients, ECF No. 10-6. These materials indicate that the firm spent 30.2 hours on this case on behalf of Plaintiff, at a rate of $135 per hour for paralegal time, $275 per hour for Kelly's time, and $350 per hour for Kelly's supervising attorney's time. ECF No 10-5 ¶¶ 1–3. Kelly further attests that he has been barred since 2013 and that his firm "operates a busy employment law practice and regularly represents clients in wage and hour cases." *Id.* ¶ 2. He attests that his supervising attorney has been barred since 2009. *Id.*

These rates are fair considering the local guidelines, which note that a reasonable rate for lawyers admitted to the bar for five to eight years is $165–$300 an hour and a reasonable rate for lawyers admitted to the bar for nine to fourteen years is $225–$350. *See* Local Rule App. B (D. Md. 2016). Kelly also states that his firm agreed to represent Plaintiff on a contingency fee basis and has worked without compensation to pursue Plaintiffs' claims, creating an opportunity cost

for the firm. ECF No. 10-5 ¶ 11. Based on the foregoing, the Court finds that Plaintiff's counsel's well-documented attorney's fees are reasonable. Thus, Plaintiffs are awarded $8,140.00 in attorneys' fees.

The record also substantiates the following expenses: $270 for service of process and $400 for filing fees. ECF No. 10-4. Thus, the Court will award Plaintiff $670.00 in costs.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 10, is granted with respect to liability as alleged in the Complaint, though not as expanded upon in the Motion for Default Judgment. Plaintiffs' request for treble damages, reasonable attorneys' fees, and costs is also granted. A separate Order shall issue.

Date: <u>February 11, 2019</u>              \_\_\_\_\_/s/_____
                                            GEORGE J. HAZEL
                                            United States District Judge